**Affirmed as Reformed and Memorandum Opinion filed November 17, 2016.**



In The

# Fourteenth Court of Appeals

NO. 14-15-00970-CR
NO. 14-15-00971-CR

**JEROME FISHER PLEASANT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 339th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1347978 & 1347979**

## M E M O R A N D U M    O P I N I O N

Appellant appeals his convictions for attempted capital murder and aggravated assault on a public servant. Appellant's appointed counsel filed a brief in which he concludes the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced. *See High v. State*, 573 S.W.2d 807, 811–13 (Tex.

Crim. App. 1978).

A copy of counsel's brief was delivered to appellant. Appellant was advised of the right to examine the appellate record and file a pro se response. *See Stafford v. State*, 813 S.W.2d 503, 512 (Tex. Crim. App. 1991). As of this date, more than 60 days have passed and no pro se response has been filed.

The judgment in trial court cause number 1347979 contains a clerical error. The record reflects appellant was convicted of aggravated assault *on* a public servant. The judgment incorrectly recites the offense as aggravated assault *by* a public servant. Accordingly, we reform the trial court's judgment in cause number 1347979 to reflect appellant was convicted of aggravated assault *on* a public servant. *See French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (stating appellate court has authority to reform a judgment to "speak the truth").

In an appeal in which counsel has filed an *Anders* brief, we are not required to abate the appeal for appointment of new counsel if the judgment may be reformed. *See Ferguson v. State*, 435 S.W.3d 291, 295 (Tex. App.—Waco 2014, no pet.) (reforming judgment in *Anders* appeal to correct age of child complainant); *Bray v. State*, 179 S.W.3d 725, 730 (Tex. App.—Fort Worth 2005, no pet.) (reforming judgment in *Anders* appeal to delete improper condition of parole.

Having reformed the judgment as noted above and having carefully reviewed the record and counsel's brief, we agree the appeals are wholly frivolous and without merit. Further, we find no reversible error in the record. We are not to address the merits of each claim raised in an *Anders* brief or a pro se response when we have determined there are no arguable grounds for review. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).

Accordingly, the judgment of the trial court in cause number 1347979 is reformed to reflect a conviction of aggravated assault on a public servant. As reformed, the judgment is affirmed. The judgment of the trial court in cause number 1347978 is also affirmed.


PER CURIAM


Panel consists of Chief Justice Frost and Justices Boyce and Christopher.
Do Not Publish — Tex. R. App. P. 47.2(b).